# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-405V
<span style="color:red">**CORRECTED**</span>

| | |
|---|---|
| MARANGELIS BERRIOS-CRUZ,<br><br>                        Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                        Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2025 |

*Jonathan Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 15, 2024, Marangelis Berrios-Cruz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration after receiving an influenza vaccination on October 20, 2022. Petition, ECF No. 1. On March 12, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 22.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $57,784.76 (representing $55,731.60 in fees plus $2,053.16 in costs). Application for Attorneys' Fees and Costs ("Motion") filed March 27, 2025. ECF No. 28. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 29 at 3.

Respondent reacted to the motion on April 9, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 30. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The hourly rates requested by Jonathan Svitak and his supporting paralegals are reasonable and consistent with our prior determinations and shall be awarded. The hourly rates requested by Joseph Shannon and Nathan Marchese, however, require adjustment.

Mr. Shannon was previously awarded the lesser rate of $500.00 for his time billed in 2023, and Mr. Marchese was also awarded lesser rates ($390.00 for 2023; $410.00 for 2024; and $445.00 for 2025). *See Wood* v. *Sec'y of Health & Hum. Servs.,* No. 24-0130, Slip Op. 39 (Fed. Cl. Spec. Mstr. June 25, 2025); *Smith* v. *Sec'y of Health & Hum. Servs.,* No. 24-0748, Slip Op. 38 (Fed. Cl. Spec. Mstr. July 24, 2025). I find no reason to deviate from these reasoned determinations and it otherwise is not the practice of OSM to adjust prior rate determinations upward in later cases. See *Jefferson* v. *Sec'y of Health & Hum. Servs.*, No. 19-1882V, 2023 WL 387051 (Fed. Cl. Spec. Mstr. Jan. 9, 2023). Accordingly, I reduce both attorneys' rates for all time billed in the 2023-25 timeframe to be consistent with rates previously awarded to them in the aforementioned decisions. Application of the foregoing reduces the amount of fees to be awarded herein by **$4,144.00**.[3]

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 29-4. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

---

[3] This amount consists of reducing Joseph Shannon's 2023 rate and Nathan Marchese's rates for years 2023-25 and is calculated as follows: ($550.00 - $500.00 = $50.00 x 0.50 hours billed) + ($450.00 - $390.00 = $60.00 x 20.00 hours billed) + ($450.00 - $410.00 = $40.00 x 66.30 hours billed) + ($475.00 - $445.00 = $30.00 x 8.90 hours billed) = $4,144.00 in fees to be reduced.

2

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $53,640.76 (representing $51,587.60 in fees plus $2,053.16 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3